```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SCOTT ERATH, et al.,

                        Plaintiffs,

        - against -                                  REPORT &
                                                     RECOMMENDATION
ACADEMIC STONE SETTERS, INC.,
                                                     07-CV-4229 (NG) (RER)
                        Defendant.
----------------------------------------------------------------X
```

**RAMON E. REYES, JR., U.S.M.J.:**

Scott Erath and others (collectively "Erath") bring this action against defendant Academic Stone Setters, Inc. ("Academic") to recover unpaid contributions to the Tile Layers Local Union 52 Pension, Insurance and Welfare, Annuity and Vacation Funds (the "Local 52 Benefit Funds"), the Tile Layers Local Union 88 Pension, Insurance and Welfare, Annuity and Vacation Funds (the "Local 88 Benefit Funds") and the Bricklayers & Trowel Trades International Pension Health and Annuity Funds (the "IPF") pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, as well as Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185.  (Docket Entry 1 ¶¶ 1, 3-5.)

In light of Academic's failure to answer or otherwise defend against this action, Erath moved for default judgment on February 28, 2008.  (Docket Entry 5.)  On February 29, 2008, the Clerk of the Court noted Academic's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  (Docket Entry 6.)  On March 6, 2008, the Honorable Nina Gershon entered a default judgment against Academic and referred Erath's motion to me for a report and recommendation on damages and/or attorney's fees.  (Docket Entry 7.)  Because I was unable to issue a

recommendation based on the documents initially submitted by Erath, I ordered that Erath submit further evidence in support of his default motion. (Docket Entry 8.) Erath submitted an amended affirmation with exhibits on April 23, 2008. (Docket Entry 9.)

For the reasons that follow, I respectfully recommend that Erath's motion be granted and that default judgment be entered against Academic in the amount of $66,586.70, comprising $44,073.52 in unpaid contributions, $9,774.48 in interest, $8,814.70 in liquidated damages, $3,506.50 in attorneys' fees and $417.50 in costs.

## ANALYSIS

For the sake of brevity, I will dispense with a protracted explanation of the facts normally associated with damages inquests in ERISA cases. Suffice it to say that Erath and the other plaintiffs are trustees and fiduciaries of multi-employer welfare, pension and annuity benefit funds within the meaning of ERISA. (Docket Entry 1 ¶ 1); *see also* 29 U.S.C. §§ 1002(1)-(3), (37), 1132(d)(1), 1145. Academic entered into two separate collective bargaining agreements ("CBAs") with Tile, Marble & Terrazzo Local No. 7 of N.Y. & N.J., BAC, which required Academic to make contributions to the funds on behalf of its tile setters and tile helpers. (Docket Entry 1 ¶¶ 8-9.)

Judge Gershon has already entered a default judgment against Academic. (Docket Entry 7.) Once a default judgment is entered, a respondent is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 977 (S.D.N.Y. 1992). Although allegations pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. *See*

*Greyhound Exhibitgroup*, 973 F.2d at 158. Rather, claims for damages must generally be established in an evidentiary proceeding at which the respondent is afforded the opportunity to contest the amount claimed. *Id*. An evidentiary presentation is required so that the court may ensure that there is a basis for the damages sought before entering judgment in the amount demanded. *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence. *See* FED. R. CIV. P. 55(b)(2); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Fustok*, 873 F.2d at 40. Erath submitted a revised affirmation and exhibits detailing the damages sought and the basis thereof. (*See* Docket Entry 9.) An evidentiary hearing is therefore unwarranted.

A petitioner who has established liability under ERISA is entitled to an award of: (1) the amount of unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorneys' fees and costs; and (5) such other legal and equitable relief as the court deems appropriate. 29 U.S.C. § 1132(g)(2). Erath seeks payment of the full amount of damages, which includes unpaid contributions, interest in unpaid contributions, liquidated damages and attorneys' fees and costs, in the amount of $67,157.71. (Docket Entry 9, Attach. 5 ¶ 23.)

I.  Unpaid Audit Amounts

Erath requests damages for unpaid audit amounts to: (1) Local 52 and Local 88 Benefit Funds for the period January 2005 through June 2006 in the amount of $1,524.46 (Docket Entry 9, Attach. 5 ¶ 11); (2) the IPF for the period January 2005 through June 2006 in the amount of $219.73 (*id*. ¶ 14); and (3) the IPF for the period April 2005 through April 2007 in the amount of $42,329.33 (*id*. ¶ 17). In support of such an award, Erath submitted audit statements and

3

supporting documents that indicate that Academic owes and has not paid these amounts. (*See* Docket Entry 9, Exs. B *&* C.) Having reviewed these submissions and independently calculated the amount owed, I find that Erath has shown an adequate basis for an award of $44,073.52, comprising unpaid contributions to the Local 52 and Local 88 Benefit Funds for the period January 2005 through June 2006 in the amount of $1,524.46, to the IPF for the period January 2005 through June 2006 in the amount of $219.73, and to the IPF for the period April 2005 through April 2007 in the amount of $42,329.33.

II.     Interest and Liquidated Damages

Erath also seeks interest on the unpaid contributions at a rate of 10% per annum and liquidated damages at the rate of 20% of the amount owed. (Docket Entry 9, Attach. 5 ¶ 11.) These rates are listed in the pertinent CBA. (Docket Entry 9, Ex. A at 18.) Therefore such an award is warranted under ERISA. *See* 29 U.S.C. § 1182(g)(2).

Erath seeks interest on the unpaid contributions to the Local 52 and Local 88 Benefit Funds and IPF at a rate of 10% per annum beginning at the midpoint of the delinquent period. (Docket Entry 9, Attach. 5 ¶¶ 12, 15, 18.) I have reviewed Erath's submissions and find that there is adequate evidentiary support for such an award. Having independently calculated the amounts sought, I find that Academic owes the following interest on unpaid contributions through today's date:

| Fund | Principal | Rate | Per Diem | Period | Interest Due |
|---|---|---|---|---|---|
| Local 52/Local 88 | $1,524.46 | 10% | $0.42 | 10/15/2005-7/25/2008 | $422.52 |
| IPF | $219.73 | 10% | $0.06 | 10/15/2005-7/25/2008 | $60.36 |
| IPF | $42,329.33 | 10% | $11.60 | 5/15/2006-7/25/2008 | $9,291.60 |
| | | | | **TOTAL** | **$9,774.48** |

I thus find that Erath is entitled to $9,774.48 in interest on the unpaid contributions to the Local 52 and Local 88 Benefit Funds and the IPF.

Erath also seeks liquidated damages at a rate of 20%, calculated as $304.89 on the unpaid contributions to the Local 52 and Local 88 Benefit Funds, plus $43.95 and $8,465.87 on the unpaid contributions to the IPF. (*See* Docket Entry 9, Attach. 5 ¶¶ 13, 16, 19.) I have reviewed Erath's submissions and find that there is adequate evidentiary support for such an award. Having independently calculated the amount sought, I therefore find that Academic owes $8,814.70 in liquidated damages.

III.     Attorneys' Fees and Costs

Erath also seek attorneys' fees and costs. An award of fees and costs is mandatory under ERISA. *See* 29 U.S.C. § 1132(g)(2)(D); *Workers Dist. Council of W. New York & Vicinity Welfare & Pension Funds v. Hudson Steel Fabricators & Erectors, Inc.*, 68 F.3d 1502, 1506 (2d Cir. 1995) (citation omitted). In support of such a request, the Second Circuit requires that parties submit affirmations and contemporaneous time records. *See New York State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (1983).

In support of his request for attorneys' fees and costs, Erath's counsel submitted an amended affirmation and contemporaneous time records. (Docket Entry 9, Attach. 5 ¶ 20; *id*. Ex. D.) The affirmation sets forth a description of the billing rates as follows: $200 per hour for attorneys and $75 per hour for legal assistants. (Docket Entry 9, Attach. 5 ¶ 20.) These hourly rates appear to be reasonable. *See Morin v. Nu-Way Plastering Inc.*, No. 03-CV-405(LDW)(ARL), 2005 WL 3470371, at *2 (E.D.N.Y. Dec. 19, 2005) (finding that the prevailing rates in this district are $200-$300 per hour for partners, $100-$250 per hour for

5

associates and $75 per hour for paralegals) (citations omitted).

In his original affirmation to the Court, Erath's counsel sought $3,506.50 in attorneys' fees. (*See* Docket Entry 5, Ex. C.) In his amended affirmation, Erath's counsel now seeks $5,185.50, the increase due solely to the additional time spent correcting errors and omissions in his original affirmation. (*Compare* Docket Entry 5, Ex. C, *with* Docket Entry 9, Ex. D.) I noted these errors and omissions in my order for Erath to submit further evidence and recalculate the basis of damages. (*See* Docket Entry 8.) Even counsel's contemporaneous time records note that the original affirmation contained "numerous errors" that required additional attention. (*See* Docket Entry 9, Ex. D. at 16.) I find that the additional hours expended by counsel and support staff to correct these errors and omissions are "excessive, redundant, [and] otherwise unnecessary," *Hensley v. Echerhart*, 461 U.S. 424, 434 (1983); *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections*, 522 F.3d 182, 190 (holding that courts have "considerable discretion" to determine reasonableness of attorneys' fees considering all factors, including that a "paying client wishes to spend the minimum necessary to litigate the case effectively"). The 18.22 hours originally spent drafting the default motion reflects the reasonable amount of time that it should have taken Erath's counsel to properly undertake such a task. (*See* Docket Entry 5 ¶ 15 (noting that 18.22 hours were spent on the case through submission of original affirmation).) I therefore recommend that Erath be awarded reduced attorneys' fees of $3,506.50.

Erath also provided documentation that plaintiffs expended $417.50 in costs relating to court filing fees and service fees. (Docket Entry 9, Attach 5 ¶ 21; *id*. Ex. D.) These costs do not appear to be ordinary overhead and are charged to Erath in the statements provided. *See*

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Therefore, I recommend that such costs be awarded.

## RECOMMENDATION

For the foregoing reasons, I respectfully recommend that Erath be awarded $66,586.70, comprising $44,073.52 in unpaid contributions, $9,774.48 in interest, $8,814.70 in liquidated damages, $3,506.50 in attorneys' fees and $417.50 in costs. Erath is hereby directed to serve copies of this Report and Recommendation upon Academic at its last known address by certified mail, return receipt, and to file proof of service on ECF by July 30, 2008. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Chambers of the Honorable Nina Gershon within ten business days of receiving this Report and Recommendation. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**Dated: July 25, 2008**
    **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**